OriNioN
Per Curiam :
For the reasons given in the opinion in the case of Edmond A. Guggenheim, as Executor under the Will of Murry Guggenheim, Deceased, v. The United States, No. 500-52, the plaintiffs are entitled to recover. Judgment may be entered for them in the sum of $28,861.09.*
It is so ordered.
FINDINGS OF FACT
The court makes findings of fact, based upon the facts as stipulated by the parties, the briefs and argument of counsel, as follows :
1. Simon Guggenheim, the decedent above named, died a resident of New York City, New York, on November 2,1941.
2. Olga H. Guggenheim, Francis H. Brownell and Charles Earl qualified as executors under the will of the decedent. Charles Earl died in 1943 and Medley G. B. Whelpley qualified on August 13, 1948 as successor executor. Since the death of Charles Earl, the plaintiffs herein, namely, Olga H. *131 Guggenheim, Francis H. Brownell and Medley G. B. Whelp-ley, have continued to act and are now acting as executors of the will.
3. Decedent and three of his brothers, on February 1,1923, by an instrument in writing, created a trust for the benefit of a fifth brother, William Guggenheim, and his family, each co-grantor contributing one-fourth of the trust fund.
The trust instrument directed the trustee to pay the income to William during his life; after his death to his wife Aimee for her life but if William’s son, William Jr., should survive him and reach the age of 21, he was to have one-fourth the income until he reached the age of 30, and thereafter half the income during his and Aimee’s lives, and if he survived Aimee, all the income for his life.
The trust instrument further provided that upon the deaths of William, Aimee, and William Jr., the corpus of the trust property should be conveyed to the lawful issue of William Jr., him surviving, per stirpes. If there were no such issue, the corpus should be transferred back to the four creators of the trust in equal shares, and if any of the creators of the trust should not be then living, his share was to go to those who would take, under the New York statutes, intestate personal property left by him.
4. Immediately prior to decedent’s death on November 2, 1941:
Decedent, who was born on December 30, 1867, was 73 years old.
William Guggenheim, decedent’s brother, born on November 6,1868, was deceased.
Aimee Guggenheim, William’s wife, born December 2, 1877, was 63 years old.
William Guggenheim, Jr., son of William, born July 25, 1907, was 34 years old.
On March 2, 1939, a son, William Guggenheim, 3d, had been born to William, Jr. This child was living at the date of decedent’s death.
5. The value immediately prior to his death of decedent’s contingent reversionary interest in the trust referred to in paragraph 3 hereof was less than 5% of the value at that *132 time of one-quarter of the trust fund, being the proportion of the fund contributed by decedent.
6. The trust referred to in paragraph 3 hereof was not created by the decedent in contemplation of death.
7. On February 1, 1943, plaintiffs, Olga H. Guggenheim and Francis H. Brownell, and Charles Earl, as executors of the estate of Simon Guggenheim, deceased, paid to the Collector of Internal Revenue, Third District of New York, the amount of $746,885.63, in payment of the estate tax liability on this estate as shown in the Federal estate tax return.
8. In said Federal estate tax return, no amount was included in the taxable gross estate on account of the trust referred to in paragraph 3 hereof.
9. Upon audit of said return the Commissioner of Internal Revenue determined a deficiency in estate tax in the amount of $477,194.57. In making such determination, the Commissioner included $31,242.03 in decedent’s taxable gross estate on account of said trust. The basis for the inclusion of this property in the gross estate was the Commissioner’s determination that the transfer was one to take effect in possession or enjoyment at or after death, since the decedent had a reversionary interest in the trust.
10. With respect to Federal estate tax on decedent’s estate, there was filed no closing agreement under Section 3760 of the Internal Revenue Code, and no compromise was made pursuant to Section 3761 of the Internal Revenue Code.
11. On February 23, 1944, plaintiffs, as executors of the will of said decedent, executed and filed with the Bureau of Internal Revenue, a waiver, Treasury Department Form 890, consenting to the assessment and collection of a Federal estate tax deficiency in the amount of $477,194.57, with interest. Such deficiency resulted from the inclusion in decedent’s taxable gross estate of $31,242.03 on account of the trust referred to in paragraph 3 hereof and also from other changes in the estate tax schedules as filed.
12. On March 28, 1944, plaintiffs, as executors of the decedent’s estate, paid to the Collector of Internal Revenue, Third District of New York, the sum of $509,231.97, representing the deficiency of $477,194.57, with interest of $32,037.40.
*133 13. On October 10, 1950, plaintiff, Olga H. Guggenheim, as executrix of the will of said decedent, duly filed a claim for refund on Form 843, requesting refund of estate tax in the amount of $27,045.35 assessed and collected as aforesaid, and interest claimed and collected thereon in the amount of $1,815.74, or a total of $28,861.09. On or about June 4,1952, the Commissioner of Internal Revenue rejected said claim for refund in its entirety.
14. No part of the payment of $509,231.97 paid on March 28, 1944, as set forth in paragraph 12 hereof, has been refunded to the plaintiffs.
CONCLUSION OE LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiffs are entitled to recover $28,861.09.*
It is therefore adjudged and ordered that the plaintiffs recover of and from the United States the sum of twenty-eight thousand eight hundred sixty-one dollars and nine cents ($28,861.09).*

 Amended January 6, 1954.

 Amended January 6, 1954.